**BOBER, PETERSON & KOBY LLP**
TIMOTHY A. PETERSON, (Cal. Bar No. 210197)
Tim@BPKfirm.com
2603 Main Street, Suite 1100
Irvine, CA 92614
Telephone: 714-750-9421

Attorneys for Plaintiff
CINCINNATI BENGALS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CINCINNATI BENGALS, INC, an Ohio Corporation<br><br>Plaintiff,<br><br>v.<br><br>CHRIS MANDERINO, an Individual<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF – VIOLATION OF DUE PROCESS [U.S. Const., Amend. XIV, § 1]** |

For its Complaint against Defendant Chris Manderino ("Manderino" or "Defendant"), Plaintiff, The Cincinnati Bengals, Inc. ("the Bengals"), states as follows:

## INTRODUCTION

1. The Due Process Clause of the Fourteenth Amendment to the United States Constitution restricts a state's exercise of personal jurisdiction over out-of-state parties. The United States Supreme Court described those limitations in *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1946): a forum state may exercise jurisdiction over an out-of-state defendant, only if certain minimum contacts exist between that party and the state such that "the maintenance of an action in the state does not offend traditional notions of fair play and substantial justice." See also: *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014).

2. The "minimum contacts" standard enunciated by *International Shoe Co.* was refined in *Bristol-Myers Squibb Co. v. Superior Court of the State of California*, 137 S. Ct. 1773, 1779 (2017). Therein, the Supreme Court held that "[T]he primary focus of a personal jurisdiction inquiry is the defendant's relations to the forum state." The Supreme Court explained the due process mandate that personal jurisdiction may be exercised only if the claim at issue arises out of, or relates to, the out-of-state defendant's conduct within the forum state. The Court held "there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." (Citations omitted.) *Id*. at 1780.

3. The Supreme Court has also made clear that an out-of-state defendant's execution of a contract within the forum state does not, by itself, support the exercise of personal jurisdiction over that party. See *Bristol-Myers Squibb*, 137 S. Ct. at 1783: "The bare fact that BMS contracted with a California distributor is not enough to establish personal jurisdiction in the state." See also *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985): "[I]f the question is whether an individual's contract with

an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot. The Court long ago rejected the notion that personal jurisdiction might turn on 'mechanical' tests . . . or on 'conceptualistic theories of the place of contracting or of performance (emphasis in original).'"

4. The Bengals bring this action to dispute and contest Defendant Manderino's efforts to invoke California's exercise of personal jurisdiction over them in a claim which Manderino has filed against them at the California Workers' Compensation Appeals Board ("WCAB"). The Bengals contend that the exercise of the jurisdiction Defendant seeks to invoke violates the due process of law guaranteed by the Fourteenth Amendment to the United States Constitution.

## THE PARTIES

5. The Bengals are a corporation organized under the laws of the State of Ohio who are domiciled in Cincinnati, Ohio, which serves as their principal place of business and is the location where they operate and run a professional football team that plays as a member of the National Football League.

6. Defendant Manderino is a resident of Beaumont, California. Manderino has filed a claim for workers' compensation injury against the Bengals at the California WCAB and seeks to have that agency exercise personal jurisdiction over the Bengals under *California Labor Code Sections* 3600.5(a) and 5305. A true, complete, and accurate copy of Manderino's claim is attached hereto as Exhibit "A," and is incorporated herein by this reference thereto.

## JURISDICTION AND VENUE

7. The Bengals allege that Manderino's invocation of WCAB jurisdiction under *California Labor Code Sections* 3600.5(a) and 5305 violates its right to Due Process of Law under the Fourteenth Amendment to the United States Constitution. Those code sections purport to empower the WCAB to exercise personal jurisdiction over out-of-state defendants in a manner that violates the Due Process Clause.

8. This Court has jurisdiction over the dispute pursuant to 28 U.S.C. § 1331, which provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

9. Venue is proper in the Central District of California under 28 U.S.C. S1391 (b)(a) because Manderino resides in the Eastern Division of the Central District of California.

10. The Bengals have standing to bring this action because of Manderino's invocation of WCAB jurisdiction over them under *California Labor Code Sections* 3600.5(a) and 5305. Manderino invoked that jurisdiction even though: (a) the Bengals do not have the minimum contacts with California that must exist before this State may exercise personal jurisdiction over them; (b) there is no affiliation between California and the underlying controversy; i.e., Manderino's alleged workplace injury; and (c) Manderino's employment contract with the Bengals contained a choice of law/choice of forum clause agreeing that any workers' compensation claim, dispute, or cause of action arising out of Manderino's employment with the Bengals would be governed exclusively by the laws of the State of Ohio and brought solely and exclusively before the Industrial Commission of Ohio. Manderino's baseless invocation of California jurisdiction over his work injury claim has created an imminent, concrete, and irreparable risk of harm to the Bengals' business.

11. The Bengals seek declaratory and injunctive relief, pursuant to 28 U.S.C. §§ 2201 and 2202. The Court is empowered to grant such relief pursuant to Federal Rules of Civil Procedure, Rules 57 and 65.

## **FACTUAL ALLEGATIONS**

12. The Bengals are an out-of-state party and do not have minimum contacts with the State of California.

   (a) The Bengals were not organized, and do not exist, under California law.

   (b) The Bengals are domiciled in Cincinnati, Ohio, where they maintain their principal place of business.

   (c) The Bengals do not maintain and have never maintained a business facility or telephone number in California.

   (d) The Bengals do not maintain any bank accounts in California.

   (e) The Bengals do not have, or hold, any licenses or permits issued by any California state governmental entity.

   (f) The Bengals do not have any owners, members, officers, or directors who reside in California.

   (g) The Bengals do not advertise or solicit business in California.

   (h) The Bengals do not conduct job fairs, advertise for employees, or conduct employment interviews in California.

13. The Bengals employed Manderino as a professional athlete between May 4, 2006 and September 2, 2006; then again from November 28, 2006 to September 2, 2007 and finally from September 3, 2007 through January 7, 2008. During his roughly two seasons in the Bengals organization, Manderino:

   (a) did not play a single football game for the Bengals in California;

   (b) did not participate in a single practice with the Bengals in California; and

   (c) exclusively performed his work-related duties for the Bengals outside of California.

14. *California Labor Code Section* 3600.5(a) provides, in relevant part, "[i]f an employee who has been hired . . . in the state receives personal injury by accident arising out of and in the course of employment outside of this state, he or she . . . shall be entitled to compensation according to the law of this state." Because it does not require that an employee's injury occur in California or that the injury arise out of, or relate to, the out-of-state defendant's conduct in California, Defendant's invocation of *Section* 3600.5(a) as a basis for jurisdiction over the Bengals utterly ignores the

1  Due Process mandate that personal jurisdiction be exercised over an out-of-state
2  defendant only if the underlying controversy arises out of or relates to that defendant's
3  conduct in the forum state. *Bristol-Myers Squibb Co.*, supra.

4      15. *California Labor Code Section* 5305 similarly provides that the WCAB
5  has jurisdiction over all injuries which occur outside of California, simply because an
6  employment contract was executed in California. As with *Section* 3600.5(a), this
7  section does not require that an employee's injury occur in California, or that an out-
8  of-state employer have any contact with California (aside from executing a contract
9  for hire in California), before the WCAB may exercise jurisdiction over an out-of-
10 state employer.

11     16. As used by Defendant to invoke jurisdiction in the WCAB action,
12 *California Labor Code Sections* 3600.5(a) and 5305 deprive out-of-state employers
13 of Due Process. Both sections purport to empower the WCAB to exercise personal
14 jurisdiction over an out-of-state employer, even if the employer's sole connection to
15 California is the execution of an employment contract in California. Thus, those two
16 code sections purport to endow the WCAB with jurisdiction even if the claim is
17 thoroughly unrelated to any activity conducted by the out-of-state defendant in
18 California. Such exercise of jurisdiction by Defendant is incompatible with the
19 traditional notions of fair play and substantial justice required by the Due Process
20 Clause of the Fourteenth Amendment to the United States Constitution.

21     17. Manderino's claim vividly demonstrates the constitutional flaws of
22 Manderino's efforts to confer jurisdiction upon the WCAB by *California Labor Code*
23 *Sections* 3600.5(a) and 5305. Manderino exclusively performed all his work-related
24 duties for the Bengals outside of California and any work-related injuries he sustained
25 during employment with the Bengals similarly occurred outside of California. Thus,
26 Manderino's claim for benefits did not arise out of, or relate to, any conduct by the
27 Bengals in California. Moreover, as a material inducement for the Bengals to employ
28 Manderino, he promised and agreed that the law and forums of the State of Ohio

would have exclusive jurisdiction over any workers' compensation claim, dispute, or cause of action arising out of his employment. Nevertheless, under *Sections* 3600.5(a) and 5305, the Bengals are denied the right to defend Manderino's claim in the State of Ohio, their principal place of business, which the United States Supreme Court has described as the "paradigm forum." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2013).

# FIRST CAUSE OF ACTION
# FOR DELCARATORY AND INJUNCTIVE RELIEF
# VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT
# (28 U.S.C. §§ 2201 & 2202)

18. The Bengals repeat and re-allege the allegations previously set forth in Paragraphs 1 through 17, inclusive of this complaint and incorporate the same herein by this reference thereto, as though fully hereinafter set forth at length.

19. As described in the preceding allegations, an actual controversy that falls within the jurisdiction of this Court exists and a declaration of the rights and other legal relations of the parties thereto would be a proper exercise of the Court's jurisdiction.

20. Under the Due Process Clause of the Fourteenth Amendment, no state shall "deprive any person of life, liberty, or property, without due process of law."

21. Administrative agencies are subject to the constraints of due process. See *Federal Insurance Co. v. Workers' Compensation Appeals Board (Johnson)*, 221 Cal. App. 4th 1116 (2013); *Withrow v. Larkin*, 421 U.S. 35 (1975); *Beverly Hills Multispecialty Group, Inc. v. Workers' Compensation Appeals Board, et al.*, 26 Cal. App. 4th 789 (1994).

22. Plaintiff seeks (1) a declaration that Manderino's invocation of *California Labor Code* §§ 3600.5(a) and 5305 to confer jurisdiction on the WCAB violates the Due Process Clause of the Fourteenth Amendment to the United States

Constitution; and (2) an order of this Court enjoining Manderino from prosecuting the claim he has filed against the Bengals with the WCAB.

23. The Bengals will sustain irreparable harm – i.e., a violation of its rights under the U.S. Constitution, if injunctive relief is not granted.

## PRAYER FOR RELIEF

WHEREFORE, the Bengals pray for the following relief:

1. A declaratory judgment that Manderino's invocation of *California Labor Code Section* 3600.5(a), which provides that "an employee who has been hired" in California, without regularly working in California, is "entitled to workers' compensation upon personal injury by accident arising out of and in the course of employment outside of this state," as basis for his WCAB claim is invalid and unconstitutional as applied to the claim which Manderino has filed against the Bengals with the WCAB;

2. A declaratory judgment that Manderino's invocation of *California Labor Code Section* 5305, which provides that the WCAB has jurisdiction over all "injuries suffered outside the territorial limits of this state in those cases where the injured employee is a resident of this state at the time of injury and the contract for hire was made in this state," as basis for his WCAB claim is invalid and unconstitutional as applied to the claim which Manderino has filed against the Bengals with the WCAB;

3. That Manderino be permanently restrained and enjoined from prosecuting the claim he has filed against the Bengals with the WCAB, under *California Labor Code Section* 3600.5(a), which provides that "an employee who has been hired" in this state, without regularly working in the state, is "entitled to workers' compensation upon personal injury by accident arising out of and in the course of employment outside of this state;"

4. That Manderino be permanently restrained and enjoined from pursuing the claim he has filed against the Bengals with the WCAB, under *California Labor Code Section* 5305, which provides that the WCAB may exercise jurisdiction over all

"injuries suffered outside the territorial limits of this state in those cases where the injured employee is a resident of this state at the time of injury and the contract for hire was made in this state."

     5.     For costs and attorney fees; and

     6.     For such other and further relief as this Court deems just and proper.

Dated: March 18, 2022                      BOBER, PETERSON & KOBY, LLP

By    */s/ Timothy A. Peterson*
        TIMOTHY A. PETERSON
        Attorney for Plaintiff
        Cincinnati Bengals, Inc.