ROB BONTA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
JOSE A. ZELIDON-ZEPEDA
Deputy Attorney General
State Bar No. 227108
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3879
 Fax:  (415) 703-1234
 E-mail:  Jose.ZelidonZepeda@doj.ca.gov
*Attorneys for Intervener Rob Bonta, in his official capacity as Attorney General of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| **THE CINCINNATI BENGALS, INC, an Ohio Corporation; KANSAS CITY CHIEFS FOOTBALL CLUB, INC., a Texas Corporation,**<br><br>Plaintiffs,<br><br>v.<br><br>**CHRIS MANDERINO, an Individual,**<br><br>Defendant. | 5:22-cv-00501-RGK-SK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING ATTORNEY GENERAL ROB BONTA'S MOTION TO INTERVENE AND TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date: June 27, 2022<br>Time: 9:00 a.m.<br>Courtroom: 850, 8th Floor<br>Judge: The Honorable R. Gary Klausner<br>Trial Date: Not set<br>Action Filed: 3/18/2022 |

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................... 1
BACKGROUND ..................................................................................................... 1
    I.    Allegations of the Operative Complaint. ............................................ 1
    II.   Background Regarding The Appeals Board and State Laws at Issue ................................................................................................... 3
ARGUMENT ........................................................................................................... 4
    I.    Under Federal Law, The Attorney General Is Entitled to Intervene To Defend State Law. ........................................................ 4
    II.   This Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Claim, and Should Dismiss the FAC. ................................................. 5
    III.  The Anti-Injunction Act Bars the Plaintiffs' Requested Injunctive and Declaratory Relief Against State Judicial Proceedings. ......................................................................................... 7
    IV.  This Court Should Abstain from Adjudicating Plaintiffs' Claims Under *Younger v. Harris* ....................................................... 10
CONCLUSION ..................................................................................................... 12

# TABLE OF AUTHORITIES

Page

**CASES**

*Atl. Coast Line R.R. Co. v. Bhd. Of Locomotive Eng'rs*
  398 U.S. 281 (1970) ................................................................................... 8

*Bowen v. Workers' Comp. Appeals Bd.*
  73 Cal.App.4th 15 (Cal. Ct. App. 1999) ..................................................... 4

*Bud Antle, Inc. v. Barbosa*
  45 F.3d 1261 (9th Cir. 1994) ...................................................................... 9

*California v. Randtron*
  284 F.3d 969 (9th Cir. 2002) ...................................................................... 8

*Crawford v. Workers' Comp. Appeals Bd.*
  213 Cal.App.3d 156 (Cal. Ct. App. 1989) .................................................. 3

*Cty. of Sacramento v. Assessment Appeals Bd. No. 2*
  32 Cal.App.3d 654 (Cal. Ct. App. 1973) .................................................... 9

*De Canas v. Bica*
  424 U.S. 351 (1976) ................................................................................. 11

*Ezzy v. Workers' Comp. Appeals Bd.*
  146 Cal.App.3d 252 (Cal. Ct. App. 1983) .................................................. 9

*Fordyce v. City of Seattle*
  55 F.3d 436 (9th Cir.1995) ......................................................................... 5

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust
  for Southern Cal.*
  463 U.S. 1 (1983) ....................................................................................... 6

*Fremont Indemnity Co. v. Workers' Comp. Appeals Bd.*
  153 Cal.App.3d 965 (Cal. Ct. App. 1984) ............................................. 3, 9

*Gully v. First Nat'l Bank*
  299 U.S. 109 (1936) ................................................................................... 6

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Hamrick v. Farmers Alliance Mut. Ins. Co.*
   No. 03-4202-JAR, 2004 WL 955273 (D. Kan. Apr. 27, 2004) ......................... 11

*Hartford Enter., Inc. v. Coty*
   529 F. Supp. 2d 95 (D. Me. 2008) ................................................................. 11

*Hirsh v. Justices of Supreme Court of State of Cal.*
   67 F.3d 708 (9th Cir. 1995) (per curiam) ................................................. 10, 11

*In re Cutera Sec. Litig.*
   610 F.3d 1103 (9th Cir. 2010) ......................................................................... 4

*Janzen v. Workers' Comp. Appeals Bd.*
   61 Cal.App.4th 109 (Cal. Ct. App. 1998) ..................................................... 3, 7

*Johnson v. Telew*
   No. 06-6297-AA, 2007 WL 414346 (D. Or. Feb. 2, 2007) ............................ 11

*Kokkonen v. Guardian Life Ins. Co. of Am.*
   511 U.S. 375 (1994) ......................................................................................... 4

*Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*
   457 U.S. 423 (1982) ....................................................................................... 10

*Moore v. Sims*
   442 U.S. 415 (1979) ....................................................................................... 11

*Murphey v. Lanier*
   997 F. Supp. 1348 (S.D. Cal. 1998) ................................................................. 6

*NOPSI v. Council of City of New Orleans*
   491 U.S. 350 (1989) ....................................................................................... 10

*Prentis v. Atlantic Coast Line Co.*
   211 U.S. 210 (1908) ....................................................................................... 10

*Quackenbush v. Allstate Ins. Co.*
   121 F.3d 1372 (9th Cir. 1997) ......................................................................... 8

*Reynolds Elec. & Eng'g Co. v. Workmen's Comp. Appeals Bd.*
   65 Cal.2d 429 (Cal. Ct. App. 1966) ................................................................. 3

# TABLE OF AUTHORITIES
## (continued)

Page

*Rick's Elec. Inc. v. Cal. Occupational Safety & Health Appeals Bd.*
   80 Cal.App.4th 1023 (Cal. Ct. App. 2000) ................................................................ 9

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*
   546 F.3d 1087 (9th Cir. 2008) ............................................................................. 10

*Stock West, Inc. v. Confederated Tribes*
   873 F.2d 1221 (9th Cir. 1989) ............................................................................... 4

*Ten Taxpayer Citizens Grp. v. Cape Wind Assoc., LLC*
   373 F.3d 183 (1st Cir. 2004) ................................................................................. 6

*Tripplett v. Workers' Comp. Appeals Bd.*
   25 Cal.App.5th 556 (Cal. Ct. App. 2018) ............................................................. 7

*U.S. Fid. & Guar. Co. v. Lee Inv. LLC*
   641 F.3d 1126 (9th Cir. 2011) ............................................................................... 3

*Vasquez v. North Cty. Transit Dist.*
   292 F.3d 1049 (9th Cir. 2002) ............................................................................... 7

*Younger v. Harris*
   401 U.S. 37 (1971) ..................................................................................... 1, 10, 11

*Zurich Am. Ins. Co. v. Gen. Motors Corp.*
   242 F. Supp. 2d. 736 (E.D. Cal. 2003) ................................................................. 7

**STATUTES**

United States Code, Title 28
   § 1331 ................................................................................................................ 2, 6
   § 1445(c) ............................................................................................................... 7
   § 2283 ........................................................................................................ *passim*
   § 2403(b) ........................................................................................................... 4, 5

Agricultural Labor Relations Act ............................................................................ 9

# TABLE OF AUTHORITIES
## (continued)

**Page**

California Labor Code
§ 111 ................................................................................................................. 3
§ 3600.5 ..................................................................................................... 2, 3, 5
§ 3600.5(a) .................................................................................................... 1, 2
§ 5300(a) ........................................................................................................... 3
§ 5305 .......................................................................................................... 1, 2, 5

**CONSTITUTIONAL PROVISIONS**

United States Constitution
Fourteenth Amendment ................................................................................... 3

**COURT RULES**

Federal Rules of Civil Procedure
Rule 5.1 ......................................................................................................... 1, 5
Rule 5.1(a)(1)(B) .............................................................................................. 5
Rule 12 .............................................................................................................. 1
Rule 12(b)(1) .................................................................................................... 4
Rule 12(b)(6) .................................................................................................... 4
Rule 24(a) ......................................................................................................... 4
Rule 24(a)(1) .................................................................................................... 5

# INTRODUCTION

In this action, Plaintiffs The Cincinnati Bengals and Kansas City Chiefs Football Club bring a putative due process claim against Defendant Chris Manderino, whom they formerly employed as a professional athlete. Plaintiffs allege that Manderino filed a claim against them with the Workers' Compensation Appeals Board in California (the Appeals Board), and contend that this violates their constitutional rights. Specifically, Plaintiffs contend that two provisions of California labor law, California Labor Code §§ 3600.5(a) and 5305, violate their due process rights to the extent they empower the Appeals Board to assert "personal jurisdiction" over them within California. Plaintiffs seek declaratory and injunctive relief that these provisions violate the Due Process Clause as applied to the claim filed by Manderino, and an order enjoining Manderino from prosecuting his claim. No state officer or agency is a party to this lawsuit.

Under Federal Rule of Civil Procedure 5.1, Rob Bonta, in his official capacity as Attorney General of California, seeks to intervene as of right to defend the challenged state laws. And under Federal Rule of Civil Procedure 12, Attorney General Bonta requests that this Court dismiss the complaint for lack of subject matter jurisdiction and under the Anti-Injunction Act, or, alternatively, abstain from adjudicating the claim by Plaintiffs, per the abstention doctrine in *Younger v. Harris*.

# BACKGROUND

**I.  ALLEGATIONS OF THE OPERATIVE COMPLAINT.**

The Cincinnati Bengals filed suit against Chris Manderino, whom they previously employed as a professional football player, on March 18, 2022. (ECF No. 2.) An amended complaint (FAC) was filed on April 27, 2022, adding the Kansas City Chiefs Football Club as a co-Plaintiff. (ECF No. 14.)

Plaintiffs claim that they "do not have the minimum contacts with California that must exist before this State may exercise personal jurisdiction over them,"

because *inter alia*, they were not organized under California law, do not conduct any business within the State, or hold any licenses or permits issued by a California governmental entity. (ECF No. 14 at 4-7 ¶¶ 11, 13-15.) Plaintiffs also allege that "there is no affiliation between California and the underlying controversy," namely Manderino's alleged workplace injury. (*Id.* at 5 ¶ 11.) Despite this, Defendant Manderino, a resident of California, filed a claim against Plaintiffs with the Appeals Board in California, under California Labor Code sections 3600.5(a) and 5305. (*Id.* at 4 ¶ 7.)[1]

The FAC challenges California Labor Code sections 3600.5 and 5305, claiming that they violate the federal due process rights of the Plaintiffs. (ECF No. 14 at 4 ¶ 8.) Because the challenged state laws "do[] not require that an employee's injury occur in California or that the injury arise out of, or relate to the out-of-state defendant's conduct in California," the application of those statutes to the Bengals and Chiefs allegedly violates the requirement under due process "that personal jurisdiction be exercised over an out-of-state defendant only if the underlying controversy arises out of or relates to that defendant's conduct in the forum state." (*Id.* at 7 ¶ 17.) Plaintiffs seek declaratory and injunctive relief against Manderino, seeking to enjoin him from continuing to prosecute his administrative claims before the Appeals Board. (*Id.* at 9-10.) Plaintiffs bring as-applied challenges, seeking declaratory judgments that each state law section challenged "is invalid and unconstitutional as applied to the claim" brought by Manderino. (*Id.* at 10 ¶¶ 1-2.) The FAC alleges federal subject matter jurisdiction under 28 U.S.C. § 1331. (*Id.* at 4 ¶ 9.)

On March 18, 2022, the Plaintiffs filed a notice of constitutional challenge, and served it on the California Attorney General's Office. (ECF No. 5.) Plaintiffs state that they challenge the provisions of the California Labor Code discussed

---

[1] The FAC refers to a copy of Manderino's claim before the Appeals Board attached as Exhibit A, but there is no attachment to the FAC. Manderino's claim was attached as Exhibit A to the original complaint. (ECF No. 2.)

2

above "on the basis that they violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution when applied to a party over whom there is no general personal jurisdiction in California." (*Id.* at 2.)

## II. BACKGROUND REGARDING THE APPEALS BOARD AND STATE LAWS AT ISSUE.

The California Workers' Compensation Act grants the Appeals Board exclusive authority to hear claims "[f]or the recovery of [workers'] compensation, or concerning any right or liability arising out of or incidental thereto." Cal. Labor Code § 5300(a); *U.S. Fid. & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1134 (9th Cir. 2011). The Appeals Board "is authorized to exercise judicial power in all disputes arising under the Workers' Compensation Act as a constitutional court subject to general legal principles which circumscribe and regulate the judgments of all judicial tribunals." *Crawford v. Workers' Comp. Appeals Bd.*, 213 Cal.App.3d 156, 164 (Cal. Ct. App. 1989); Cal. Lab. Code § 111. As the California Court of Appeal has explained, the Appeals Board "exercises a portion of the judicial powers of the state and in legal effect is a court." *Fremont Indemnity Co. v. Workers' Comp. Appeals Bd.*, 153 Cal.App.3d 965, 971 (Cal. Ct. App. 1984), internal citation and quotation marks omitted.

California Labor Code section 3600.5 is entitled "injuries in extraterritorial employment," and provides that if an employee was hired or regularly employed in California and is injured "by accident arising out of and in the course of such employment outside this state," he or she is entitled to compensation under the laws of California. Section 5305 provides that the Division of Workers' Compensation (including the Appeals Board), has jurisdiction "over all controversies arising out of injuries suffered outside the territorial limits of this state," as long as the injured employee is a resident of California at the time of the injury and the contract was made in this state. *Reynolds Elec. & Eng'g Co. v. Workmen's Comp. Appeals Bd.*, 65 Cal.2d 429, 431 (Cal. Ct. App. 1966); *see also Janzen v. Workers' Comp.*

3

*Appeals Bd.*, 61 Cal.App.4th 109, 113-14 (Cal. Ct. App. 1998).[2]

## LEGAL STANDARD

A motion under Federal Rule of Civil Procedure 12(b)(1) challenges a federal court's subject matter jurisdiction. "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). A party invoking federal court jurisdiction bears the burden to establish that such jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Under Federal Rule of Civil Procedure 12(b)(6), a complaint should be dismissed if it fails to state a claim upon which relief can be granted. A court should dismiss a complaint "if it fails to plead enough facts to state a claim to relief that is plausible in its face." *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1107 (9th Cir. 2010) (citation omitted).

## ARGUMENT

### I. UNDER FEDERAL LAW, THE ATTORNEY GENERAL IS ENTITLED TO INTERVENE TO DEFEND STATE LAW.

Federal Rule of Civil Procedure 24 provides that "[o]n timely motion," the court must permit anyone to intervene who "is given an unconditional right by a federal statute." Fed. R. Civ. P. 24(a). Section 2403(b) of title 28 of the United States Code provides, in pertinent part:

> In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality.

---

[2] The statutory requirement that the employee must be a resident of California has been deemed unconstitutional. *Bowen v. Workers' Comp. Appeals Bd.*, 73 Cal.App.4th 15, 20 n.6 (Cal. Ct. App. 1999).

28 U.S.C. § 2403(b). This statute confers upon the Attorney General an unconditional right to intervene, where as here, a party has challenged the constitutionality of a state statute. *See Fordyce v. City of Seattle*, 55 F.3d 436, 442 (9th Cir.1995) (When neither a state nor "any agency, officer, or employee thereof" is a party to an action where the constitutionality of a state statute "is drawn in question," a federal district court is required to notify the state attorney general and must "permit the State to intervene.").[3]

Here, Plaintiffs challenge provisions of California law pertaining to the Appeals Board, specifically California Labor Code sections 3600.5 and 5305, under the Due Process Clause. (ECF No. 14 at 4 ¶ 8.) No state officer or entity is currently a party to this action. Accordingly, the Attorney General may intervene as of right under Federal Rule of Civil Procedure 24(a)(1).

## II. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' CLAIM, AND SHOULD DISMISS THE FAC.

Initially, this Court lacks subject matter jurisdiction over Plaintiffs' preemptive attempt to oust the jurisdiction of the Appeals Board. The FAC alleges that the Appeals Board's exercise of personal jurisdiction over Plaintiffs violates federal due process. (ECF No. 14 at 4 ¶ 8; *id.* at 8 ¶ 19.) Although there is no dispute that the Due Process Clause limits the exercise of personal jurisdiction over defendants under certain circumstances, there is no federal right to *preemptively* challenge a state court's (or administrative agency's) assertion of jurisdiction in an ongoing case, by filing a separate declaratory or injunctive relief challenge in federal court. To the contrary, federal courts consistently hold that a federal

---

[3] Section 2403 is implemented through Federal Rule of Civil Procedure 5.1. Under Rule 5.1, a party that challenges the constitutionality of a state statute in a case in which "the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity" must "file a notice of constitutional question stating the question and identifying the paper that raises it." Fed. R. Civ. P. 5.1(a)(1)(B). The Attorney General "may intervene within 60 days after the notice of constitutional question is filed or after the court certifies the challenge." *Id.* 5.1(c).

*defense* is not a basis for subject matter jurisdiction under 28 U.S.C. § 1331. Accordingly, this Court should dismiss Plaintiffs' claim for lack of subject matter jurisdiction.

Plaintiffs claim that this Court has jurisdiction under 28 U.S.C. § 1331, or "arising under" jurisdiction. (ECF No. 14 at 4 ¶ 9.) District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Generally, a suit 'arises under' the law that creates the cause of action." *Murphey v. Lanier*, 997 F. Supp. 1348, 1349 (S.D. Cal. 1998). However, it is clearly established that there is no "arising under" jurisdiction for claims premised on a federal *defense*. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10-11 (1983); *see, e.g., Ten Taxpayer Citizens Grp. v. Cape Wind Assoc., LLC*, 373 F.3d 183, 191 (1st Cir. 2004) ("It is hornbook law that a federal defense does not confer 'arising under' jurisdiction, regardless whether that defense is anticipated in the plaintiff's complaint."). As the Supreme Court pointed out in a similar scenario, "a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States because prohibited thereby." *Gully v. First Nat'l Bank*, 299 U.S. 109, 116 (1936).

Here, the basis of this dispute is the claim for workers' compensation injury filed by Defendant Manderino with the Appeals Board, which is founded on Manderino's asserted right to workers' compensation benefits under California law. (ECF No. 14 at 4 ¶ 7.) Plaintiffs' claim before this Court is that they have a federal due process right not to be haled into proceedings before the Appeals Board, which is tantamount to a purported right not to be sued in California. (*Id.* at 3 ¶ 4 ["The Bengals and the Chiefs bring this action to dispute and contest Defendant Manderino's efforts to invoke California's exercise of personal jurisdiction over them in a claim which Manderino filed against them at the California Workers' Compensation Appeals Board"]; *id.* at 4 ¶ 8.) But that federal defense is not

6

sufficient to bestow subject matter jurisdiction on this Court. Plaintiffs must raise their constitutional challenges before the Appeals Board, or in state court, as necessary. *See, e.g., Janzen*, 61 Cal.App.4th at 116 (discussing personal jurisdiction challenge within context of proceedings before the Appeals Board); *Tripplett v. Workers' Comp. Appeals Bd.*, 25 Cal.App.5th 556, 566-67 (Cal. Ct. App. 2018).

Notably, although not directly relevant here because this case was not removed from state court, federal law indicates a broad policy to have workers' compensation issues adjudicated in state proceedings. Specifically, 28 U.S.C. section 1445(c) states that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." As the Ninth Circuit explained, this statute "protects the plaintiff, and nonconsenting defendants, from having the plaintiff's choice of a state-court forum disturbed" in cases involving claims under the workers' compensation laws of a state. *Vasquez v. North Cty. Transit Dist.*, 292 F.3d 1049, 1061 (9th Cir. 2002). Two policy rationales underlie this restriction: (1) Congress' "concern for the states' interest in administering their own workers' compensation schemes;" and (2) Congress' concern that removal of workers' compensation cases from state courts would greatly increase the workload of federal courts. *Id.* at 1061 n.6 (citation omitted); *Zurich Am. Ins. Co. v. Gen. Motors Corp.* 242 F. Supp. 2d. 736, 737 (E.D. Cal. 2003).

### III. THE ANTI-INJUNCTION ACT BARS THE PLAINTIFFS' REQUESTED INJUNCTIVE AND DECLARATORY RELIEF AGAINST STATE JUDICIAL PROCEEDINGS.

Plaintiffs seek an order from this Court enjoining Defendant Manderino from proceeding with his claim pending before the Appeals Board. (ECF No. 14 at 10 ¶¶ 3-4.) But under the Anti-Injunction Act, this Court is barred from enjoining the state judicial proceedings.

The Anti-Injunction Act, 28 U.S.C. § 2283, "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atl. Coast Line R.R. Co. v. Bhd. Of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970). The general presumption is thus that "[p]roceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts," and ultimately, the United States Supreme Court. *Id.* at 287. The statute's exceptions are narrowly construed, and "doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Id.* at 297.

Further, although Plaintiffs request injunctive relief against Defendant Manderino, the Anti-Injunction Act bar applies even where "the injunction would technically be directed at a litigant instead of the state court proceeding itself." *Quackenbush v. Allstate Ins. Co.*, 121 F.3d 1372, 1377 (9th Cir. 1997). And it applies to declaratory relief if it would have the same effect as an injunction. *California v. Randtron*, 284 F.3d 969, 975 (9th Cir. 2002). Thus, it bars Plaintiffs' request to enjoin the actions of Defendant Kevin Manderino in bringing and continuing to prosecute his claim before the Appeals Board.

A party seeking an injunction against state court actions must establish that the situation fits into one of the statute's exceptions: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. But Plaintiffs' FAC does not demonstrate that any of these exceptions apply here. (*See generally* ECF No. 14.) That Plaintiffs raise a due process challenge to the jurisdiction of the Appeals Board does not undermine applicability of the Anti-Injunction Act. *Atl. Coast Line R.R. Co.*, 398 U.S. at 294 (noting that "a federal court does not have inherent power

to ignore the limitations of § 2283 and to enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area preempted by federal law").

To be sure, in *Bud Antle, Inc. v. Barbosa*, 45 F.3d 1261 (9th Cir. 1994), the Ninth Circuit held that the Anti-Injunction Act does not bar injunctions against administrative *agencies*. At issue there was whether a federal court could enjoin proceedings before the California Agricultural Labor Relations Board, a state agency that administers the Agricultural Labor Relations Act. *Id.* at 1264, 1271. But the Appeals Board is not an administrative agency, and instead is judicial in nature, since its role is to adjudicate disputes regarding entitlement to workers' compensation benefits. *Fremont Indemnity Co. v. Workers' Comp. Appeals Bd.*, 153 Cal.App.3d 965, 974 (Cal. Ct. App. 1984) (members of the Workers' Compensation Appeals Board "are officers of a judicial system performing judicial functions"); *Ezzy v. Workers' Comp. Appeals Bd.*, 146 Cal.App.3d 252, 261 fn.4 (Cal. Ct. App. 1983) ("Decisions of the Worker's Compensation Appeals Board are 'judicial' in nature."). Other California administrative appeals boards are similarly treated as judicial bodies. *Cty. of Sacramento v. Assessment Appeals Bd. No. 2*, 32 Cal.App.3d 654, 663 (Cal. Ct. App. 1973) (referring to Assessment Appeals Board under California law as a "quasi-judicial body"); *Rick's Elec. Inc. v. Cal. Occupational Safety & Health Appeals Bd.*, 80 Cal.App.4th 1023, 1027 (Cal. Ct. App. 2000) ("The [California Occupational Safety and Health Appeals] Board is an independent adjudicatory agency responsible, among other matters, for resolving appeals from citations."). Because proceedings in the Appeals Board are judicial in nature, they are entitled to protection under the Anti-Injunction Act. "We shall assume . . . that some of the powers of the commission are judicial, and we shall assume, without deciding, that, if it was proceeding against the appellees to enforce this order and to punish them for a breach, it then would be sitting as a court and would be protected from interference on the part of the courts of the United States."

*Prentis v. Atl. Coast Line Co.*, 211 U.S. 210, 226 (1908); *NOPSI v. Council of City of New Orleans*, 491 U.S. 350, 370-73 (1989).

In short, the Anti-Injunction Act bars this Court from enjoining the ongoing state proceedings at the Appeals Board, challenged by Plaintiffs.

## IV. THIS COURT SHOULD ABSTAIN FROM ADJUDICATING PLAINTIFFS' CLAIMS UNDER *YOUNGER V. HARRIS*.

Alternatively, if the Court determines that it has subject matter jurisdiction over Plaintiffs' claims, the Court should abstain from addressing the claim in the FAC in deference to the ongoing state proceedings.

As a general rule, federal courts should refrain from intervening in ongoing state judicial proceedings. *Younger v. Harris*, 401 U.S. 37, 45 (1971); *Hirsh v. Justices of Sup. Ct. of State of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995) (per curiam) ("*Younger* and its progeny generally direct federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings."). This abstention doctrine derives from principles of equity, comity, and federalism. *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008).

A federal court must abstain if three conditions are met: 1) the state proceedings are ongoing; 2) the proceedings implicate important state interests; and 3) the state proceedings provide an adequate opportunity to litigate the plaintiff's federal constitutional claims. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Additionally, the Ninth Circuit requires for abstention that the federal proceeding "would enjoin the [state] proceeding or have the practical effect of doing so." *San Jose Silicon Valley Chamber of Commerce Political Action Committee*, 546 F.3d at 1092.

Here, as the FAC notes, proceedings before the Appeals Board are ongoing. (ECF No. 14 at 4 ¶ 7.) And those proceedings implicate the paramount state interest in protecting the rights of state employees and their entitlement to workers'

10

compensation under state law, an issue that is extensively regulated in California. *De Canas v. Bica*, 424 U.S. 351, 356 (1976) ("States possess broad authority under their police powers to regulate the employment relationship to protect workers within the State," citing "workmen's compensation laws"). In fact, federal courts routinely abstain from hearing challenges to proceedings before state workers' compensation boards. *See, e.g., Johnson v. Telew*, No. 06-6297-AA, 2007 WL 414346, at **2-3 (D. Or. Feb. 2, 2007) (concluding that *Younger* abstention applied in case seeking federal court intervention or invalidation of pending state workers' compensation claim); *Hartford Enter., Inc. v. Coty*, 529 F. Supp. 2d 95 (D. Me. 2008); *Hamrick v. Farmers Alliance Mut. Ins. Co.*, No. 03-4202-JAR, 2004 WL 955273, at *10 (D. Kan. Apr. 27, 2004) (district court "conclud[ing] that it is obligated to abstain from enjoining the state court workers' compensation proceedings under *Younger v. Harris*"). Further, Plaintiffs have received notice and an opportunity to participate in those proceedings, (ECF No. 14 at 4 ¶ 7; ECF No. 2 Exh. A), and thus these proceedings "provide an adequate opportunity" to litigate the federal claims. *Moore v. Sims*, 442 U.S. 415, 425-26 (1979) ("Certainly, abstention is appropriate unless state law clearly bars the interposition of the constitutional claims."); *Hirsh*, 67 F.3d at 713 (for *Younger* abstention purposes, state "[j]udicial review is inadequate only when state procedural law *bars* presentation of the federal claims.").

Accordingly, even if this Court concludes that the Anti-Injunction Act does not prohibit the relief sought, it should abstain from hearing the claims pending completion of the proceedings in the Appeals Board and any subsequent proceedings in state court.

/ / /

/ / /

/ / /

/ / /

11

# CONCLUSION

For these reasons, the Court should grant the motion to intervene by Attorney General Bonta, and dismiss the FAC.

Dated: May 17, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General

/s/ *Jose A. Zelidon-Zepeda*
JOSE A. ZELIDON-ZEPEDA
Deputy Attorney General
*Attorneys for Intervener Rob Bonta, in his official capacity as Attorney General of California*

SA2022301429
43217051.docx